THE MUTUAL FIRE, MARINE & INLAND INSURANCE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18050. Promulgated June 14, 1949.

*William R. Reynolds, Esq.*, for the petitioner.
*Karl W. Windhorst, Esq.*, for the respondent.

#### OPINION.

MURDOCK, *Judge:* The Commissioner determined a deficiency of $6,549 in income tax for the calendar year 1944. The only question is whether the petitioner sustained a loss or realized a gain in the taxable year from the sale of Baltimore & Ohio Railroad Co. bonds. The facts have been stipulated.

The petitioner filed its income tax return for the calendar year 1944 with the collector of internal revenue for the first district of Pennsylvania.

The petitioner purchased $25,000 face value of Baltimore & Ohio Railroad Co., Southwestern Division, bonds on October 13, 1925, for $24,281.25. It purchased a like amount of the same bonds on February 24, 1927, for $25,531.25. The bonds were dated January 1, 1899, bore interest at the rate of 5 per cent per annum, and were due on July 1, 1950.

The Baltimore & Ohio Railroad Co., on August 15, 1938, proposed a plan "For the Modification of Interest Charges and Maturities" of

its funded debt, including the bonds held by the petitioner. The plan was submitted to a Federal court and was confirmed by that court on November 8, 1939. The plan provided that the debtor would pay on the type of bonds held by the petitioner 3½ per cent as fixed interest and 1½ per cent interest contingent upon earnings, cumulative and payable annually with respect to the eight-year period beginning January 1, 1939.

The petitioner, in accordance with the decree, presented its bonds to the Baltimore & Ohio Railroad Co. on or about March 5, 1940. The latter detached from the bonds the coupons due prior to July 1, 1947, and in lieu thereof attached an agreement, new fixed interest coupons, and new contingent interest coupons. The bonds were then returned to the petitioner. The obligation of the debtor was set forth in a supplemental indenture dated January 1, 1940. The fair market value of the petitioner's bonds immediately after the modification was $23,616.50.

The petitioner, on its returns for 1942, 1943, and 1944, accrued discount on the bonds in the total amount of $18.94.

The petitioner sold all of the bonds on December 27, 1944, for $43,438.75 and claimed on its return for that year a capital loss of $6,393.69, being the difference between the adjusted basis of the bonds and the selling price. It had not reported any gain or loss on its prior returns as a result of the modification of the interest provisions on the bonds. The Commissioner, in determining the deficiency, held that the petitioner had realized a gain of $26,196 from the sale of the bonds in 1944.

The petitioner contends that there was no taxable exchange in 1940 and, therefore, it had no change of basis at that time and had a loss, rather than income, in 1944 when the bonds were finally sold. It claims that, if there was any exchange, it came within section 112 (b) (3) of the code and no loss was recognized in 1940. This contention depends upon whether there was a recapitalization within the meaning of section 112 (g) of the code. It has been held that a recapitalization, and hence a reorganization, within the meaning of section 112 (g) results under circumstances similar to those which took place in 1940 in connection with the Baltimore & Ohio Railroad Co. plan. *Sigmund Neustadt Trust*, 43 B. T. A. 848; affd., 131 Fed. (2d) 528; *Commissioner* v. *Edmonds' Estate*, 165 Fed. (2d) 715, affirming a memorandum opinion of the Tax Court. The respondent contends that those cases are incorrectly decided. However, the Tax Court has no disposition to change its views at this time, and, upon authority of those cases, decides the issue here in question for the petitioner.

*Decision will be entered under Rule 50.*