Margaret Washburn Hunt v. Commissioner.
Hunt v. Commissioner
Docket No. 21795.
United States Tax Court
1949 Tax Ct. Memo LEXIS 57; 8 T.C.M. (CCH) 902; T.C.M. (RIA) 49245; October 5, 1949
*57 Kenneth Taylor, Esq., 1010 Midland Bank Bldg., Minneapolis, Minn., for the petitioner. Thomas A. Steele, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: This proceeding involves only part of the deficiency in income tax of $993.10 for the year 1944 which has been determined by the respondent, the petitioner having conceded that part of the deficiency has been determined correctly. The only question is whether a plan of The Baltimore and Ohio Railroad Company, which the petitioner entered into in 1940, for the modification of interest charges and maturities of certain bonds which the petitioner held, was within the nonrecognition provisions of section 112(b)(3) of the Internal Revenue Code. The parties are in dispute about the basis of bonds for the purpose of computing the gain or loss upon the sale of the bonds in 1944. The record consists of a stipulation of facts and various exhibits. The petitioner filed her income tax return with the collector for the district of Minnesota. Findings of Fact The facts which have been stipulated are found as facts, and the stipulation is made part of the *58 findings of fact. In 1926, the petitioner purchased $5,000 face value bonds of The Baltimore and Ohio Railroad Company, Southwestern Division, for $4,947.50. The bonds were dated January 1, 1899, and were due in 1950, and bore interest at the rate of 5 per cent per annum. Of the 5 per cent interest, 1 1/2 per cent was not secured by any lien and was, therefore, an unsecured obligation of the Company. In 1930, the petitioner purchased $2,000 face value convertible bonds of The Baltimore and Ohio Railroad Company for $1,937.50. These bonds were dated February 1, 1930, and were due in 1960, and bore interest at the rate of 4 1/2 per cent per annum. These bonds were unsecured. The Baltimore and Ohio Railroad Company, on August 15, 1938, proposed a plan "For Modification of Interest Charges and Maturities," of its funded debt, which applied to the two classes of bonds owned by the petitioner, as well as to other bonds. The Railroad Company submitted its plan to the United States District Court for the District of Maryland in July, 1939. The District Court approved the plan on November 8, 1939. The plan provided with respect to the Southwestern Division 5 per cent bonds that over *59 a period of eight years, fixed interest at the rate of 3 1/2 per cent per annum would be paid, and 1 1/2 per cent interest would be contingent upon earnings, cumulative and payable annually with respect to an eight-year period. The plan provided with respect to the 4 1/2 per cent convertible bonds that, in respect of the eight years, the interest was made contingent upon earnings and cumulative. Also, the right to convert the bonds into common stock was improved by (a) reducing the conversion price of $125 or $130 per share to $100 per share, and by (b) extending the conversion privilege throughout the term of the bonds until 15 days prior to maturity or redemption. Pursuant to and in accordance with the provisions of the plan and decree of the District Court, the petitioner, during March, 1940, deposited her bonds with an agent of The Baltimore and Ohio Railroad Company. To the Southwestern Division bonds were attached the agreement, the new fixed interest coupons, and the new contingent interest coupons, and the old coupons maturing before January 1, 1947, were detached by the Company. These bonds were then returned to the petitioner. To the 4 1/2 per cent convertible bonds, *60 the agreement was attached and new contingent interest coupons, and the old coupons maturing before August 1, 1946, were detached by the Company. These bonds were returned to the petitioner. The obligations of the Railroad Company with respect to the modification of the interest charges on the Southwestern Division bonds were set forth in a Supplemental Indenture dated January 1, 1940; and the obligations with respect to the 4 1/2 per cent convertible bonds were set forth in a Supplemental Indenture dated January 1, 1940. The fair market values, respectively, of the petitioner's bonds immediately after the aforesaid modification were as follows: $2,361.65, Southwestern Division bonds; and $144.59, 4 1/2 per cent convertible bonds. The petitioner did not make any claim in her income tax return for 1940 for any loss on account of the effectuation during 1940 of the plan and the annexations of the agreements and new coupons to her bonds in 1940 pursuant to the plan. Petitioner sold her bonds in 1944. She sold the Southwestern Division bonds for $4,321.11; and she sold the 4 1/2 per cent convertible bonds for $718.55. The total amount which she realized was $5,039.66. In her income *61 tax return for 1944, the petitioner deducted as a long-term capital loss the sum of $1,845.34, which was the excess of her total cost of $6,885 over the selling price of $5,039.66. The respondent disallowed in full the claimed long-term capital loss of $1,845.34, and determined that instead of a loss the petitioner had realized a long-term capital gain in the amount of $2,533.42 upon the ground that this amount represented a gain derived from the sale of new modified bonds issued in 1940 in exchange for old bonds. Opinion The question which is presented in this proceeding is the same as was presented in The Mutual Fire, Marine & Inland Insurance Company, 12 T.C. 1057, which was promulgated on June 14, 1949, very shortly after the submission of this proceeding for decision. In fact, the facts in this proceeding are exactly the same as in the above cited case with certain unimportant and immaterial differences as to the details. The plan of The Baltimore and Ohio Railroad Company "For Modification of Interest Charges and Maturities" of its funded debt, dated August 15, 1938, to which reference has been made in the findings of fact, is the same plan which is referred *62 to in The Mutual Fire, Marine & Inland Insurance Company case. The petitioner makes the same contention in this proceeding as was made in the above named case. We sustained the taxpayer's contention in that proceeding. The contention of this petitioner is sustained with respect to the computation of the long-term loss which resulted upon the sale of both classes of bonds. The transactions in 1940 pursuant to which the petitioner's bonds of both classes were modified as to the interest charges and other details, assuming them to constitute an exchange of the bonds, were a "recapitalization" and hence a reorganization within the scope of section 112 (g), under the rationale of Sigmund Neustadt Trust, 43 B.T.A. 848; affirmed 131 Fed. (2d) 528; and Commissioner v. Edmond's Estate, 165 Fed. (2d) 715. In this proceeding, as in The Mutual Fire, Marine & Inland Insurance Company, supra, we adhere to the views which we have previously expressed, as set forth in Sigmund Neustadt Trust, supra, despite the respondent's contention that it was incorrectly decided. Upon the authority of the above cases, the question in this proceeding *63 is decided for the petitioner. Decision will be entered under Rule 50.